**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
*michael@thesamuellawfirm.com*

Attorneys for Plaintiff, on behalf
Of himself and all others similarly
situated

| | |
|---|---|
| Heriberto Cabral, on behalf of himself and all other persons similarly situated, | CASE NO. 25-cv-_____ |
| Plaintiff, | |
| - vs. – | **COMPLAINT** |
| SSP AMERICA LGA, LLC, and SSP AMERICA, INC., | **COLLECTIVE ACTION** |
| Defendants. | **CLASS ACTION** |

Plaintiff Heriberto Cabral, by his undersigned attorneys, for his complaint against defendants SSP AMERICA LGA, LLC and SSP AMERICA, INC., alleges as follows, on behalf of himself and all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiff Heriberto Cabral alleges on behalf of himself and all other similarly situated current and former employees of defendants SSP AMERICA LGA, LLC, and SSP AMERICA,

INC. who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations were willful and lacked a good faith basis.

2.    Plaintiff further complains that he is entitled, under the applicable state laws of New York, to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by applicable state law (and the supporting regulations); (iii) unpaid spread-of-hours compensation for shifts worked lasting in excess of 10 hours from start to finish in the State of New York; (iv) liquidated damages pursuant to applicable state law for these violations; and (iv) statutory damages for the defendants' violations of the Wage Theft Prevention Act in New York and similarly applicable laws of other states.

**THE PARTIES**

3.    Plaintiff Heriberto Cabral ("Plaintiff") is an adult individual residing in Queens, New York.

4.    Plaintiff consents to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.    Defendant SSP AMERICA, INC. ("SSP AMERICA INC.") is a California corporation registered as a foreign corporation in the State of New York with a principal business office address at 28 Liberty Street, Suite 300, New York, New York 10005.

6.    Defendant SSP AMERICA LGA, LLC ("SSP AMERICA LGA") is a Delaware limited liability company, with a registered business address in New York State at 28 Liberty Street, New York, New York, and is a subsidiary and/or affiliate of defendant SSP AMERICA, INC.

7.    Defendant SSP AMERICA INC. owns and operates, directly or through its affiliates and/or subsidiaries such as SSP AMERICA LGA, more than 250 restaurants at 57 airports throughout the United States, Canada, Bermuda and Brazil, including the Mulberry Street restaurant at LaGuardia Airport in Queens, New York.

8.    At LaGuardia Airport in Queens, New York, defendant SSP AMERICA LGA, together with defendant SSP AMERICA INC., owns and operates 12 restaurants, including Mulberry Street (where Plaintiff was employed), Shelly Fireman's Brooklyn Diner, and Eli's Essentials.

9.   At all relevant times, each of the defendants has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.   Upon information and belief, at all relevant times, each of the defendants had gross revenues in excess of $500,000.00.

11.   At all relevant times herein, each of the defendants used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

12.   At all times relevant, each of the defendants is or has been an "employer" of Plaintiff, as that term is used in the Fair Labor Standards Act and applicable state labor laws.

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.   This Court has jurisdiction over the state law claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business where Plaintiff was employed is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since April 16, 2022, to the entry of judgment in this case (the "Collective Action Period"), who were airport restaurant workers employed by SSP AMERICA and/or SSP AMERICA LGA, and who were not paid statutory minimum wages, and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Plaintiff in that they were employed by the defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18. The Collective Action Members are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19.    Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by defendants.

20.    The exact number of such individuals is presently unknown but is known by defendants and can be ascertained through appropriate discovery.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings his applicable state law claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

22.    All said persons, including Plaintiff, are referred to herein as the "Class."

23.    The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

Notice can be provided by means permissible under said FRCP 23.

### *Numerosity*

24.  The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

### *Commonality*

25.  There are questions of law and fact common the Class which predominate over any questions affecting only individual class members, including:

    a.  Whether Defendants employed Plaintiff and the Class within the meaning of applicable state law.

    b.  Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the applicable state labor law;

    c.  Whether Plaintiff and Class members are entitled to be paid overtime under the applicable state labor law;

    d.  Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and

the Rule 23 Class spread-of-hours pay as required by the New York Labor Law or similarly applicable labor laws of other states;

e.  Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.  Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or timely thereafter;

g.  Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage to Plaintiffs and the Rule 23 Class on each payday; and

h.  At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

26. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum

wage and/or overtime, and spread-of-hours compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

27. Plaintiff can fairly and adequately protect the Interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

***Superiority***

28.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries,

and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29. Upon information and belief, Defendants and other employers throughout the nation violate applicable state labor laws. Current employees are often afraid to assert

their rights out fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## FACTS

30. At all relevant times herein, the defendants, SSP AMERICA and SSP AMERICA LGA owned and operated restaurants at airports throughout North America, including in the State of New York, where Plaintiff worked on a full-time basis as a non-exempt hourly employee.

31. At all relevant times herein, defendant SSP AMERICA LGA has been a subsidiary and/or affiliate of defendants SSP AMERICA.

32. Plaintiff Heriberto Cabral was employed by the defendants at Mulberry Street, one of the defendants' restaurants at LaGuardia airport, from approximately November 21, 2021, until March 1, 2025.

33. During his employment by Defendants at Mulberry Street, Plaintiff performed the following non-exempt duties: dishwasher, cleaner, food preparer, cook and delivery.

34.    Plaintiff was hired to work at Defendants' Mulberry Street restaurant at LaGuardia airport by a man named "Trid" and was supervised by a man named Rigo Simon ("Rigo"), each of whom are/were employees of SSP AMERICA LGA.

35.    Plaintiff had a regular daily work schedule as follows during his first year of employment by Defendants: six days per week, from 2 p.m. until 12 a.m., with Tuesday off.

36.    Consequently, Plaintiff was working 60 hours per week for Defendants during that period of his employment by Defendants.

37.    From November 2022 until the end of his employment on March 1, 2025, Plaintiff had a regular work schedule as follows: six days per week, from 5 a.m. until 4 p.m., with Tuesday off.

38.    Consequently, Plaintiff was working 66 hours per week during that period of his employment by Defendants.

39.    Throughout his employment by Defendants, Plaintiff's work was performed in the normal course of the defendants' business, was integrated into the business of the defendants, and did/does not involve executive or administrative responsibilities.

40.    At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods

for commerce, as defined in the FLSA and its implementing regulations.

41. At all times relevant, Plaintiff was paid a weekly salary, via direct deposit, of approximately $1,000 before deductions.

42. During his employment at the Mulberry Street restaurant at LaGuardia airport, Plaintiff received a single paystub, on one occasion, showing both the name of defendant SSP AMERICA LGA and also the logo and the chief executive office address of defendant SSP AMERICA INC. in Ashburn, Virginia, where SSP AMERICA INC. is registered as a foreign corporation.

43. Plaintiff received a Form W-2 for 2022, 2023 and 2024 related to his employment at the Mulberry Street restaurant at LaGuardia airport showing both the name of defendant SSP AMERICA LGA and also the chief executive office address of defendant SSP AMERICA INC. in Ashburn, Virginia, where defendant SSP AMERICA INC. is registered as a foreign corporation.

44. Plaintiff was hired by defendant SSP AMERICA INC. and received its handbook regarding employee policies and procedures from defendant SSP AMERICA INC.

45. Defendants SSP AMERICA INC. set and controlled the essential working conditions of Plaintiff, including things

such as kitchen safety, employee uniforms, handling of cash and credit transactions, customers, meal vouchers and employee meal discounts, and the food and services provided.

46. Plaintiff's initial salary was determined by defendant SSP AMERICA INC.

47. Defendant SSP AMERICA INC.'s human resources department maintained Plaintiff's employment records during his employment by the defendants.

48. Plaintiff signed paperwork from defendant SSP AMERICA INC. at or around the time of hire determining whether Plaintiff wished to be via electronic direct deposit or paper check.

49. Defendant SSP AMERICA INC. paid the workers compensation premiums to the State of New York for Plaintiff and the other employees at Mulberry Street at LaGuardia airport where Plaintiff worked.

50. Upon his hiring, Plaintiff was trained by SSP AMERICA LGA in accordance with the specific employee training guidelines and requirements established by defendant SSP AMERICA INC.

51. Plaintiff was hired by Defendants to work at Mulberry Street at LaGuardia airport based on an hourly rate of pay arrangement for all hours worked.

52.  Defendant SSP AMERICA LGA set Plaintiff's daily shift schedule upon his hiring and thereafter during his employment by Defendants.

53.  Defendants failed to pay Plaintiff for all of the hours he worked during his employment by Defendants.

54.  Instead, Plaintiff received approximately the same weekly salary every week, for only 40 hours or fewer, regardless of the exact number of hours Plaintiff worked in a given week.

55.  Plaintiff never received any overtime pay for any of the hours he worked in excess of forty hours each week.

56.  Defendants frequently failed to pay Plaintiff for work he peformed before he clocked in, and for work Plaintiff performed after he clocked out, work he had been instructed to do by his supervisor, Rigo Simon.

57.  As a result of his not being paid for all of hours worked during his employment by Defendants, Plaintiff's effective rate of pay was sometimes below the statutory minimum wage in effect at relevant times.

58.  Defendants' failure to pay Plaintiff an amount at least equal to the applicable minimum wage in effect during relevant time periods was willful and lacked a good faith basis because Defendants were aware of how many hours

Plaintiff worked each week and that he was not paid for all hours worked.

59.  Plaintiff clocked in at the beginning of each shift and clocked out at the end of each shift each day, using defendant SSP America Inc.'s swipe card timekeeping system, which system was also used at the other SSP America LGA restaurants at LaGuardia, as well at other airport restaurants owned and operated by SSP America Inc. throughout North America.

60.  Whenever Plaintiff took a 20-minute break he would clock out at the beginning of the break using the SSP America Inc. swipe card, and clock back in at the end of the break using the SSP America Inc. swipe card.

61.  Plaintiff frequently worked through some or all of his unpaid meal breaks while employed by Defendants.

62.  Plaintiff's supervisor, Rigo Simon, frequently instructed Plaintiff to begin working before his normal clock-in time and also to continue working even after he had clocked out at his regularly scheduled clock out time.

63.  Defendants did not record or keep track of the time Plaintiff worked before his regularly scheduled clock-in time and after his regularly scheduled clock-out time.

64.  Defendants recorded some, but not all, of the time worked by Plaintiff and other non-exempt hourly employees

through use of the computerized swipe card timekeeping system.

65.   During his employment at Mulberry Street, Plaintiff complained to his manager, Rigo Simon, and to another manager name "Steven", on multiple occasions about not being paid for all of his hours worked and was told that the difference would be made up in his next paycheck, but no such wage underpayment correction occurred.

66.   During his employment at Mulberry Street restaurant at LaGuardia airport, Plaintiff had multiple conversations with other non-exempt hourly employees about how they were not being paid for all of their hours worked, nor paid any overtime compensation.

67. Plaintiff overheard other non-exempt hourly employees at Mulberry Street make similar complaints to Rigo Simon and to Steven during his employment by Defendants and overheard the other non-exempt hourly employees receive the same response as he had received, to the effect that any underpayment would be made up in next paycheck.

68. Plaintiff has no knowledge of any other non-exempt hourly employee at Mulberry Street ever receiving any additional payment to correct for any underpayment of wages by Defendants.

69.   Upon information and belief, Defendants manipulated Plaintiff's time records to reflect less time than Plaintiff actually worked each week, and often to reflect that Plaintiff worked fewer than 40 hours per week, in order for Defendants to avoid paying applicable hourly and overtime wages.

70.   Upon information and belief, Defendants similarly manipulated the time records of other non-exempt hourly employees to reflect less time than they actually worked each week.

71.   Upon information and belief, these timekeeping practices and wage and hour policies utilized by defendants SSP AMERICA INC. and SSP AMERICA LGA were widespread and similarly affected other employees at LaGuardia and at other airports, employees whose identities are only able to be determined through examination of the defendants' records.

72.   At all times relevant herein, defendants SSP AMERICA INC. and SSP AMERICA LGA directly and/or jointly controlled and implemented the policy and practice of paying Plaintiff and other non-exempt hourly employees for less hours than they actually worked each week.

73.   Defendants failed to pay Plaintiff for significant amounts of time each week, some of which time was overtime because Plaintiff worked typically worked in excess of 40 hours per week during his employment by Defendants.

74.    Defendants failed to pay Plaintiff for the time he worked before he clocked in and for the time he worked after he clocked out, and also failed to pay Plaintiff for the time he worked through his unpaid meal breaks during his employment by Defendants.

75.    At all times relevant herein, the defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, and applicable state labor law, and supporting state department of labor regulations.

76.    Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis, because Defendants knew that Plaintiff was working significantly more than 40 hours per week.

77.    Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

78.    Defendants' failure to pay Plaintiff the spread-of-hours premium was willful and lacked a good faith basis because Defendants knew that Plaintiff was working daily shifts exceeding ten hours in length.

79.    Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage

Theft Prevention Act – including, *inter alia*, defendants'
contact information, their regular and overtime rates, and
intended allowances claimed – and failed to obtain
Plaintiff's signature acknowledging the same, either upon
his hiring or at any time thereafter, in violation of the
Wage Theft Prevention Act in effect at the time.

80.   Defendants failed to provide Plaintiff with weekly
records of his compensation and hours worked, in violation of
New York's Wage Theft Prevention Act.

81.   Upon information and belief, throughout the period
of Plaintiff's employment, both before that time (throughout
the Collective Action and Class Period) and continuing until
today, the defendants have likewise employed other
individuals like Plaintiff (Collective Action and Class
Members) in similar positions that required little skill, no
capital investment, and with duties and responsibilities that
did not include any managerial responsibilities or the
exercise of independent judgment.

82.   Defendants applied the same employment policies,
practices, and procedures to all Collective Action and Class
Members, including policies, practices, and procedures with
respect to the payment of minimum wages and overtime.

83.   Upon information and belief, Defendants have failed
to pay these other individuals at a rate at least equal to

the minimum wage, in violation of the FLSA and the applicable state labor laws.

84.   Upon   information   and   belief,   these   other individuals have worked in excess of forty hours per week, yet the defendants have likewise failed, at all times relevant until 2021, to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and applicable state labor laws.

85.   Upon   information   and   belief,   these   other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and New York's Wage Theft Prevention Act.

86.   Upon information and belief, while the defendants employed   Plaintiff   and   the   Collective   Action   and   Class members,   and   through   all   relevant   time   periods,   the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

87.   Upon information and belief, while the defendants employed   Plaintiff   and   the   Collective   Action   and   Class members,   and   through   all   relevant   time   periods,   the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or applicable state labor laws.

## COUNT I

### (New York Labor Law — Minimum Wage)

### (On Behalf of a Multistate Class Under New York Law)

88.   Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

89.   At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

90.   Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

91.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

92.   Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from the defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

## (Fair Labor Standards Act - Overtime)

## (On Behalf of a Multistate Collective Under Federal Law)

93.    Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

94.    At all relevant times, the defendants employed Plaintiff and each of the Collective Action and Class Members within the meaning of the FLSA.

95.    At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

96.    As a result of defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

97.    The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C.

§ 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

98.  Due to the defendants' FLSA violations, Plaintiff, and the Collective Action and Class Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

### (On Behalf of a Multistate Class Under New York Law)

99.  Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

100. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

101. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of

the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

102. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

103. Due to the defendants' New York Labor Law violations, Plaintiff and the Collective Action and Class Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**(New York Labor Law – Spread of Hours)**

**(On Behalf of a Multistate Class Under New York Law)**

104. Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

105. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

106. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

107. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

108. Due to Defendants' New York Labor Law violations, Plaintiff and the Collective and Class members are entitled to recover from Defendants their unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V**

**(Minimum Wage)**

**(On Behalf of a Multistate Class Under the Laws of
Each State Where Defendants Do Business, Or,
Alternatively, On Behalf of Each of the Individual
State Classes)**

109. Plaintiff, on behalf of himself and all Collective and Class Members, repeats, realleges and incorporates by references the foregoing allegations as if set forth fully and again herein.

110. At all times relevant, Plaintiff and the Collective and Class Members were employed by the defendants in states where Defendants do business, within the meaning of those states labor law and supporting regulations.

111. Defendants violated the rights of Plaintiff and the Collective and Class Members by failing to pay them compensation in excess of the statutory minimum wage in violation of each such state's labor law and supporting regulations.

112. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful and lacked a good faith basis within the meaning to each such state's labor law and supporting regulations.

113. Due to Defendants' labor law violations in such states, Plaintiff and the Collective and Class Members are

entitles to recover from the defendants their unpaid compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to each such state's applicable labor laws and supporting regulations.

## COUNT VI

### (Overtime)

### (On Behalf of a Multistate Class Under the Laws of Each State Where Defendants Do Business, Or, Alternatively, On Behalf of Each of the Individual State Classes)

114. Plaintiff, on behalf of himself and all Collective and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

115. At all times relevant, Plaintiff and the Collective and Class Members were employed by Defendants in the states where Defendants do business, within the meaning of those state's labor laws and supporting regulations.

116. Defendants violated the rights of Plaintiff and the Collective and Class Members by failing to pay them overtime compensation at rates at least one-and-one-half times the

regular rate of pay for each hour worked in excess of forty hours per workweek in violation of those states labor law and supporting regulations.

117. Defendats' failure to pay overtime was willful and lacked a good faith basis, within the meaning of each state's labor law and supporting regulations.

118. Due to Defendants' labor law violations in such states, Plaintiff and the Collective Action and Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to such states' labor laws and supporting regulations.

## COUNT VII

### (New York Labor Law — Wage Theft Prevention Act)

119. Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

120. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

121. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

122. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

123. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff and the Collective and Class Members are each entitled to recover from the defendants statutory damages of $250 per day, from 2015 to the present, as applicable to each's period of employment, up to the maximum statutory damages.

124. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff and the Collective Action and Class Members are each entitled to recover from the defendants statutory damages of $50 per day from 2015 to the present, as applicable to each's period of employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the New York Labor Law and the applicable labor laws of other states;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA, the New York Labor Law and the applicable labor laws of other states;

e.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law and the applicable labor laws of other states;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for the defendants' New York Labor Law violations and the applicable labor laws of other states;

h.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

i.  Back pay;

j.  Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other, further, and additional relief as this

Court deems just and proper.

Dated: April 16, 2025

*/s/ Michael Samuel*
Michael Samuel (MS 7997)
The Samuel Law Firm
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiffs,
*Individually and on behalf of an*
*FLSA collective action and State*
*classes*